Mr. Justice Clayton
delivered the opinion of the court.
The only question presented for consideration in this case, is whether if a creditor, who holds a note against a principal and sureties, after the death of the principal fails to present it to the administrator within the time prescribed by law, the sureties are thereby discharged.
The general rule is, that the obligation of the surety becomes extinct, by the extinction of the obligation of the principal debtor. An exception to this rule takes place, whenever the extinction of the obligation of the principal, arises from causes which originate in the law, and not in the voluntary act of the creditor. As in bankruptcy. Theob. on Prin. and Surety, 67; Brown v. Carr, 7 Bing. 508. The creditor, in order to preserve his rights against the surety, is not bound to active diligence, and if he merely remains passive, his rights are not impaired. He must do no act which is calculated to injure the surety; he must always be in a situation to proceed if he is required to do so. If he ties his own hands by any valid agreement, for even a day, by which during that day he could not sue, the surety is entitled to be released. But this arises from his own act, placing it out of his power to bring suit, if he were called upon to do so. The rule is thus strongly stated by Theobald, p. 80: “ Forbearance or mere passiveness for any length of time, on the part of the creditor towards the debtor, will not discharge the surety, because until required to sue by the surety, the creditor is under no obligation to do so.” There must be a contract between the creditor and principal debtor, so as to prevent the surety from having the same remedy against the principal, as he might have had upon the original contract. Heath v. Kay, 1 Y. & J. 434; McLemore v. Powell, 12 Wheat.; Newell and Pierce v. Hamer, 4 Howard, 684.
It is thus shown to be settled law, that nothing is required of the creditor, except that he should not increase the hazard of the surety, or do any act that would place it out of his power *172 to bring suit if called on to do so. In addition to the means which the rules of the common law and of equity, place within the reach of the surety for his indemnity, we have a statute which provides that on payment or tender of the amount due to the creditor, the surety shall have right to demand an assignment of the instrument, on which he may bring suit. H. & H. 374.
The creditor would often not give the credit without security, he takes it for his own indemnity, the surety knows his own risk. If he desires to lessen that risk he may file a bill to compel the bringing of the suit, or by payment he may have an assignment of the instrument. But while both remain passive, the operation of the law will not discharge the surety. We have seen that this is the rule, in reference to cases of bankruptcy ; there is another strong illustration in the instance of joint obligations at common law. In such case, if the principal obligor died, his representatives could not be sued, but the surety only. The action as to the estate of the decedent was entirely gone, but continued as to the survivor, even though that survivor were a mere surety. And unless in a few special and excepted cases, of which partnership contracts formed one, there was no remedy against the representatives of the decedent, even in equity. Rawstone v. Parr, 3 Russell, 424; 1 Rob. Prac. 49; 2 Williams on Executors, 1072.
This particular case is changed since the passage of the act in regard to joint obligations ; but it shows the principle which applies in cases of discharge by mere operation of law, and that the surety may continue bound, notwithstanding the discharge of the principal.
Equity will sometimes give relief, either total or partial, according to circumstances, to a surety when he has been prejudiced by the act- of the creditor. As where a levy has been made on property of the principal which is released by the creditor from motives of kindness to the debtor, there equity will relieve to the extent of the value of the property levied on and discharged. But this is on the ground of the active interference of the creditor. Cooper, et al. v. Wilcox, et al. 2 Dev. & *173 Bat. Eq. R. 91; Mayhew v. Crickett, 2 Swanst.; Capel v. Butler 1 Eng. Con. Ch. R. 543.
In Tennessee, under a statute in many respects like the one under consideration, it has been holden, that a failure to proceed by the creditor in the specified time, does not discharge the surety, and that after judgment against him, he may recover of the estate. 9 Yerger, 57. It may be well to observe, however, that there is this difference between our statute, and that of Tennessee. Ours not only directs that the claim shall be barred, but also that the estate shall be discharged. The Tennessee act is in terms simply a statute of limitátions, directing that the claim shall be barred in law and in equity. Whether ours is more than a statute of limitations, it is not necessary now to determine. It may be well to remark, though, that in New York it has been decided that a similar law of the island of St. Croix, is only a statute of limitations, and that a claim growing up under it is, when sued on in New York, governed by the statute of limitations of that state. Every one at all acquainted with the conflict of laws will see the force and point of this decision. Lincoln v. Battelle, 6 Wend. 475. But whether our act be one merely of limitations, or something more, cannot affect this question, because we have seen that in cases of bankruptcy, of joint obligations, and of discharges by mere operation of law of the principal, the surety remains bound. Of course where the statute of limitations has run as to both, both are released.
The sureties may, in such cases, compel the presentment-of the claim in due time, and thus preserve their recourse against the estate beyond doubt. If they fail to do so, they are in fault, in neglecting to protect their own interest, and have no right to throw the consequences of their negligence upon the creditor. See Nashville Bank v. Campbell, et al. 7 Yer. 353.
This precise point has already been determined by this court. Kerr v. Brandon, 2 How. 910; but to endeavor to satisfy the bar we have gone^more'fully into the reasoning, than was done on that occasion.
The judgment is affirmed.
*174 A petition for a rehearing was filed in this case; but the court adhered to its former opinion, and refused to grant the rehearing.